**MAGNA VISUAL, Petitioner,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

No. 74–1705.

United States Court of Appeals, Eighth Circuit.

Submitted May 12, 1975.

Decided May 19, 1975.

---

D. Jeff Lance, Cook, Murphy, Lance & Mayer, St. Louis, Mo., for petitioner.

Peter Carre, Atty., N. L. R. B., Washington, D. C., for respondent. Peter G. Nash, Gen. Counsel, John S. Irving, Deputy Counsel, Patrick Hardin, Associate Gen. Counsel, Elliott Moore, Deputy Associate Gen. Counsel, and John D. Burgoyne, Atty., N. L. R. B., Washington, D. C., on the brief.

Before HEANEY and STEPHENSON, Circuit Judges, and SMITH, Senior District Judge.*

PER CURIAM.

After a careful review of the record, we are convinced that substantial evidence on the record as a whole supports the finding of the National Labor Relations Board that Magna Visual discharged seven of its employees in violation of § 8(a)(1) of the National Labor Relations Act because they had engaged in protected concerted activities with respect to their working conditions. See N. L. R. B. v. Washington Aluminum Co., 370 U.S. 9, 82 S.Ct. 1099, 8 L.Ed.2d 298 (1962); Modern Motors v. N. L. R. B., 198 F.2d 925 (8th Cir. 1952). Even if, as Magna Visual asserts, the employees were also protesting the possibility that an unpopular co-employee would be selected to fill a newly vacant "supervisory" employee position,[1] the presence of mixed motives would not convert protected activities into unprotected ones. See N. L. R. B. v. Puerto Rico Rayon Mills, Inc., 293 F.2d 941, 947 (1st Cir. 1961); id. at 948 (Aldrich, J., concurring).

---

* TALBOT SMITH, Senior District Judge, Eastern District of Michigan, sitting by designation.

1. The record does not establish that the foreman's position, which was to be filled, was a "supervisory" one within the meaning of the Act. See N. L. R. B. v. Plastilite Corp., 375 F.2d 343, 344 n.1 (8th Cir. 1967); Colson Corp. v. N. L. R. B., 347 F.2d 128, 140 (8th Cir.), cert. denied, 382 U.S. 904, 86 S.Ct. 240, 15 L.Ed.2d 157 (1965).

We are also convinced that Magna Visual was not denied due process by the administrative law judge's refusal to permit further examination into an altercation between an employee and the night foreman which took place the evening before the concerted activities resulting in the discharge of the seven. While it would have been better for the administrative law judge to have permitted the record to be developed more fully on this score, we are satisfied from the offer of proof that was made, that the altercation was not related to the concerted activities.

The Board's order will be enforced.